**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**WELLS FARGO BANK, N.A.,**

                        **Plaintiff,**

  vs.                                                   **5:16-CV-0665
                                                         (MAD/DEP)**

**CAROLE M. PAUL,** *individually and as surviving spouse of Edward C. Paul*, **JOHN PAUL, TINA PAUL, CAPITAL ONE BANK, ST. JOSEPH'S HOSPITAL CENTER,**

                        **Defendants.**

_____

**APPEARANCES:**                                     **OF COUNSEL:**

**GROSS POLOWY, LLC**                   **STEPHEN J. VARGAS, ESQ.**
900 Merchants Concourse, Suite 412
Westbury, New York 11590
Attorneys for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

Plaintiff Wells Fargo Bank, N.A., commenced this action on June 13, 2016, pursuant to Article 13 of the New York Real Property Actions and Proceedings Law ("R.P.A.P.L.") to foreclose a mortgage encumbering 177 Pinnacle Hill Road, Fulton, New York 13069, together with the land, buildings, and other improvements located on the property (the "Mortgaged Property"). *See* Dkt. No. 1 at ¶ 1. Defendants Carole M. Paul, John Paul, Tina Paul, Capital One Bank ("Capital One"),[1] and St. Joseph's Hospital Center ("St. Joseph's")[2] have not appeared in this

---

[1] Defendant Capital One holds a lien encumbering the Mortgaged Property that is subject and subordinate to Plaintiff's mortgage. *See* Dkt. No. 1 at ¶ 6.

[2] Defendant St. Joseph's holds a lien encumbering the Mortgaged Property that is subordinate to Plaintiff's mortgage. *See* Dkt. No. 1 at ¶ 7.

action.

Presently before the Court is Plaintiff's motion for default judgment and for judgment of foreclosure and sale of the Mortgaged Property. *See* Dkt. No. 26 at 1.

## II. BACKGROUND

According to the complaint, Defendant Carole M. Paul executed and delivered a note promising to pay $101,000.00 plus interest to the lender, Wells Fargo. *See* Dkt. No. 1 at ¶ 12. Defendants Carole M. Paul, John Paul, and Tina Paul (the "Paul Defendants") also executed and delivered a mortgage on the property as security for payment of the note. *See id.* at ¶ 13. The Paul Defendants defaulted under the terms of the note and mortgage by failing to tender the monthly payment due on July 1, 2015, and all subsequent monthly payments. *See id.* at ¶ 14. Pursuant to the terms of the note and mortgage, Plaintiff accelerated the payments and declared due the entire amount owed on the note. *See id.* At the time of the complaint, Plaintiff claimed that the Paul Defendants owed a principal balance of $86,559.11 with interest at the rate of 6.625% accruing from June 1, 2015. *See id.* at ¶ 15.

On July 7, 2016, Plaintiff filed affidavits of service attesting that the summons and complaint, together with the notice required by R.P.A.P.L. section 1303, a debt validation letter, and a certificate of merit were properly served on the Paul Defendants, Capital One, and St. Joseph's. *See* Dkt. No. 11. Capital One and St. Joseph's were served by a process server delivering a copy of the summons, complaint, and certificate of merit on a registered agent authorized to accept service. *See* Dkt. No. 7. The Paul Defendants were also served with copies of the summons, complaint, and certificate of merit. *See* Dkt. Nos. 8, 9, 10. All Defendants have failed to respond to the complaint or otherwise appear in this action. On July 20, 2016, Plaintiff requested that the Clerk of the Court enter a certificate of entry of default against all Defendants

pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Local Rule 55.1. *See* Dkt. No. 13. On July 20, 2016, the Clerk of the Court entered the requested default. *See* Dkt. No. 14. Plaintiff now moves for default judgment and judgment of foreclosure and sale. *See* Dkt. No. 26 at 1.

## III. DISCUSSION

### A. Subject Matter Jurisdiction

Wells Fargo asserts federal subject matter jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. Dkt. No. 1 at ¶ 11. "Under the standard diversity jurisdiction statute, 28 U.S.C. § 1332(a), there must be 'complete' diversity among the parties, meaning that each defendant must be a citizen of a different state from each plaintiff." *U.S. Bank Tr., N.A. v. Dupre*, No. 15-CV-558, 2016 WL 5107123, *2 (N.D.N.Y. Sept. 20, 2016) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996)). In this case, however, the complaint does not sufficiently allege Wells Fargo's citizenship, and the Court therefore cannot determine whether complete diversity exists.

The complaint attempts to establish Wells Fargo's citizenship by asserting that its principal place of business is in South Dakota. *See* Dkt. No. 1 at ¶ 2. But because Wells Fargo is a national banking association, its citizenship is not determined by its principal place of business. *See U.S. Bank Tr., N.A. v. Monroe*, No. 15-CV-1480, 2017 WL 923326, *4 (N.D.N.Y. Mar. 8, 2017) ("[T]he Second Circuit has expressly held that the principal place of business is not to be considered when determining the citizenship of a national banking association.") (citing *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 218-21 (2d Cir. 2016)). Instead, Wells Fargo's citizenship is determined by the location of its main office as designated in its articles of association. *See Melina*, 827 F.3d at 218 ("The Supreme Court has held unequivocally that a national bank is

3

'located,' for diversity jurisdiction purposes, in the state designated in its articles of association as the locus of its main office . . . .") (citing *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006)).

Plaintiff's counsel—Gross Polowy, LLC—should be well aware of the requirements for pleading the citizenship of a national banking association. In just the past year, Gross Polowy has had multiple default judgment motions denied in this district for failure to properly allege the citizenship of a national banking association. *See Monroe*, 2017 WL 923326, at *4; *U.S. Bank Tr., N.A. v. Dupre*, No. 15-CV-558, 2016 WL 5107123, *3 (N.D.N.Y. Sept. 20, 2016). Since Plaintiff has failed to establish that the Court has subject matter jurisdiction over this action, the complaint is dismissed without prejudice. *See Receivables Exch., LLC v. Hotton*, No. 11-CV-292, 2011 WL 239865, *1 (E.D.N.Y. Jan. 21, 2011) ("[W]hen a complaint fails to plead subject matter jurisdiction, the Court is obligated to dismiss is *sua sponte*.") (citing Fed. R. Civ. P. 12(h)(3)).

**B.    Mortgage Foreclosure**

Article 13 of the R.P.A.P.L. sets forth procedural requirements for a mortgage foreclosure action under New York law in sections 1303 (service of a statutory notice to mortgagor with the summons and complaint), 1304 (prior notice to mortgagor before a lender or assignee commences a legal action), 1306 (lender must file certain information with the superintendent of New York State Department of Financial Services), 1320 (summons must contain a statutory notice), and 1331 (the filing of a notice of pendency). *See* R.P.A.P.L. §§ 1303, 1304, 1306, 1320, 1331. Section 1331 of the R.P.A.P.L. requires that "[t]he plaintiff, at least twenty days before a final judgment directing a sale is rendered, shall file in the clerk's office of each county where the mortgaged property is situated a notice of the pendency of the action, which shall specify, in addition to other particulars required by law, the date of the mortgage, the parties thereto and the time and place of recording." *Id.* § 1331. In addition, the notice of pendency must be filed with a

4

copy of the complaint, unless the complaint has already been filed in that county. *See* N.Y. C.P.L.R. § 6511(a).

Here, the Court finds that Plaintiff's notice of pendency is ineffective. Plaintiff filed a notice of pendency pursuant to R.P.A.P.L. section 1331 with the Oswego County Clerk in the State of New York. *See* Dkt. No. 5. The notice states that a foreclosure action has been commenced against Defendants in the United States District Court for the Northern District of New York. *See id.* at 1. However, there is no indication that Plaintiff filed a copy of the complaint with the notice of pendency as required by C.P.L.R. § 6511(a). *See id.* The only document attached to the notice of pendency is a legal description of the property, *see id.* at 3, and Plaintiff has provided no proof that the complaint was filed with the notice of pendency.

The purpose of a notice of pendency is to provide constructive notice to a purchaser from any defendant named in the notice and bind a purchaser by all proceedings taken in the action after such filing. *See* N.Y. C.P.L.R. § 6501. The notice of pendency is "an extraordinary privilege," which permits a party to hinder the transfer of another's property without judicial intervention. *See Richard J. Zitz, Inc. v. Pereira*, 965 F. Supp. 350, 354 (E.D.N.Y. 1997) (quoting *Israelson v. Bradley*, 308 N.Y. 511, 516 (1955)). "[T]he New York Court of Appeals has required strict compliance with the statutory procedural requirements" of the notice of pendency. *Richard J. Zitz*, 965 F. Supp. at 354 (quoting *5303 Realty Corp. v. O & Y Equity Corp.*, 64 N.Y.2d 313, 320-21 (1984)).

The failure to file a complaint with the notice of pendency renders Plaintiff's notice defective and void. *See Chateau Rive Corp. v. Riverview Partners, LP*, 18 A.D.3d 492, 493 (3d Dep't 2005) ("[W]here, as here, *no* complaint was filed with the notice of pendency, it follows that the notice was defective and void from the beginning . . . ."). Although Plaintiff's complaint

is dismissed for lack of subject matter jurisdiction, the failure to file a proper notice of pendency provides an independent reason to deny Plaintiff's motion.

The Court notes that Gross Polowy routinely neglects to include a copy of the complaint when filing notices of pendency in state court. Indeed, courts in this district have repeatedly denied Gross Polowy's default judgment motions for failure to properly file a notice of pendency. *See Nationstar Mortgage LLC v. Moody*, 16-CV-279, 2017 WL 1373890, *1 (N.D.N.Y. Apr. 13, 2017)*; Ditech Fin. LLC v. Frantz*, No. 16-CV-146, 2017 WL 1184206, *4-6 (N.D.N.Y. Mar. 29, 2017) (D'Agostino, J.); *Ditech Fin. LLC v. Sterly*, No. 15-CV-1455, 2016 WL 7429439, *4 (N.D.N.Y. Dec. 23, 2016) (D'Agostino, J.); *OneWest Bank, N.A. v. Conklin*, 310 F.R.D. 40, 44 (N.D.N.Y. 2015) (D'Agostino, J.). If Gross Polowy files any future motions in this Court without including evidence of a properly filed notice of pendency, those motions will be summarily denied.

### IV. CONCLUSION

After carefully reviewing Plaintiff's submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED without prejudice**; and the Court further

**ORDERS** that the Clerk of Court is directed to enter judgment and close this case; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 15, 2017
Albany, New York

Mae A. D'Agostino
U.S. District Judge